UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF FLORIDA

FT. PIERCE DIVISION

ROBERT E. BRANNIGAN, JR.

CASE NO.: 2:17-cv-14084_____

    PLAINTIFF,

V.

ECHOLS PLUMBING & AIR CONDITIONING, LLC

    DEFENDANT.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW the Plaintiff, Robert E. Brannigan, Jr., (hereinafter referred to as "the Plaintiff"), by and through his undersigned counsel and sues the Defendant, ECHOLS PLUMBING & AIR CONDITIONING, LLC, (hereinafter referred to as the "Defendant"), and states as follows:

### Introduction

1. This action is brought by the Plaintiff individually pursuant to the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201, et seq. (hereinafter, "the FLSA" or "the Act"), and 29 U.S.C. § 216(b), and Florida Minimum Wage Act, § 448.110, FLA. STAT., in accordance with § 24, Art. X, Florida Constitution (hereinafter "§ 448.110").

### JURISDICTION AND VENUE

2. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b). It also has jurisdiction to grant declaratory relief pursuant to 28 U.S.C. §§ 2201 and 2202. The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367 to hear plaintiff's claim under § 448.110, FLA. STAT.

3. Venue is proper in the Southern District of Florida because the Defendant employed the Plaintiff in Okeechobee County, Florida, where the Defendant maintains its headquarters in the Southern District of Florida.

4. Plaintiff was an employee of the Defendant and at all times relevant to violations of the the Act was engaged in commerce as defined by 29 U.S.C. §§ 206(a) and 207(a).

5. Defendant is a Florida corporation, respectively, having their main place of business in Okeechobee, Florida, where Plaintiff worked for Defendant, and at all times material hereto was and is engaged in interstate commerce.

6. At all times pertinent to this Complaint, the Employer/Defendant obtained and solicited funds from non-Florida sources, accepted funds from non-Florida sources, used telephonic transmissions going over state lines to do its business, transmitted funds outside the State of Florida, and otherwise regularly engages in interstate commerce, particularly with respect to its employees.

7. Upon information and belief, the annual gross revenue of the Defendant was at all times material hereto in excess of $500,000 per annum, therefore the Act's requirements and the Minimum Wage and Overtime requirements apply.

8. The Plaintiff have retained the Malatesta Law Office to represent him in this matter and has agreed to pay the firm a reasonable attorney's fee for its services.

## GENERAL FACTUAL ALLEGATIONS

9. From on or about August through December of 2016, defendant violated the provisions of 29 U.S.C. §§ 206(a) and 215(a)(2) of the FLSA and § 448.110 by failing to pay the Plaintiff the proper minimum wage for all hours worked.

10. The Defendant provides hourly compensation plus commissions to the Plaintiff as a negotiated term and condition of his employment.

11. The Defendant did not provide any compensation whatsoever for the time the Plaintiff spent traveling between job sites on the weekends or on call.

12. Plaintiff was required to remain close to the Employer's premises while on-call so that he could not use the time effectively for his own purposes.

13. The frequency of calls during in the evenings and during his unpaid weekend hours was so burdensome that he spent a significant amount of time addressing customer questions/ calls.

14. There was no one else besides the Plaintiff available to accept the calls and he was unable to trade them with anyone else.

15. Plaintiff was required to answer the phone promptly when called during his on-call and was required to be available 24/7 to make a sales/service visits to the potential client and secure the sale/service promptly.

16. Plaintiff was required to always be available and immediately head towards the location of the sale/service to perform work on the weekends.

**Count I: VIOLATION OF 29 U.S.C. § 206 (UNPAID MINIMUM WAGES)**

17. Plaintiff re-alleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

18. Plaintiff's employment with Defendants was to consist of a normal workweek for which he was to be compensated at or above the FLSA minimum wage.

19. Plaintiff worked hours for the Defendants for which he was paid below the FLSA statutory minimum wage.

20. As a result of Defendants' violation of the FLSA, Plaintiff is entitled to liquidated damages pursuant to the FLSA.

21. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, Plaintiff respectfully requests:

    a. judgment in his favor for all unpaid minimum wages due or payable;

b. liquidated damages;

c. attorney's fees and costs pursuant to the FLSA;

d. post-judgment interest;

e. declaratory relief pursuant to the FLSA finding that Plaintiff, was not paid minimum wage for all hours worked as required by the Act;

f. judgment for all amounts which the Plaintiff paid to the Defendants which prevented Plaintiff from being paid the minimum wage "free and clear"; and,

f. all other and further relief this Court deems to be just and proper.

**COUNT II: VIOLATION OF ARTICLE X, § 24, FLORIDA CONSTITUTION AND SECTION 448.110 FLA. STATUTES (FLORIDA MINIMUM WAGE AND UNPAID WAGES VIOLATION)**

22. Plaintiff re-alleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

23. Pursuant to Article X, Section 24 of the Florida Constitution, Defendant was required to pay Plaintiff at least the applicable Florida minimum wage for his hours worked.

24. Plaintiff provided notice to the Defendant on in accordance with the requirements of FL § 448.110 on January 13th, 2017. (See Exhibit A)

25. During Plaintiff's employment, Defendants willfully paid him less than the statutory minimum wage for his work hours.

26. Records, if any, concerning the number of hours worked by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendants:

a. Declaring that Defendants violated Article X §24 of the Florida Constitution and Section 448.110 Florida Statutes, insofar as failing to pay Plaintiff at or above the minimum wage;

b. Awarding Plaintiff all back wages due and owing;

c. Awarding Plaintiff liquidated damages in the amount equal to his back wages;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to Article X, Sec. 24, Fla. Const.;

e. Awarding Plaintiff prejudgment and post-judgment interest;

f. Finding that Defendants willfully violated Article X Fla. Const., and ordering Defendants to pay a $1,000.00 fine to the State of Florida for such willful violation; and

g. Awarding such other and further relief this Court deems to be just and proper.

### COUNT III: VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

27. Plaintiff re-alleges Paragraphs 1 through 16 of this Complaint as if fully set forth herein.

28. Plaintiff's employment with the Defendant was to consist of a normal work week for which he should have received time and one-half for his hours worked in excess of the maximum hours provided for in the FLSA.

29. During Plaintiff's employment, he worked hours in excess of forty (40) per week for which he was not compensated at the statutory rate of time and one-half for all of his hours.

30. Plaintiff's overtime compensation rate inaccurately excluded commissions and shift differentials in the calculation of the overtime rate of pay.

31. Records, if any, concerning the number of overtime hours worked, shift differential earned and commissions earned by Plaintiff and the actual compensation paid to Plaintiff are in the possession and custody of the Defendants. Plaintiff intends to obtain these records by appropriate discovery proceedings to be taken promptly in this case and, if necessary, he will then seek leave of Court to amend his Complaint for Damages to set forth the precise amount due him.

WHEREFORE, the Plaintiff respectfully requests that judgment be entered in his favor against the Defendant:

a. Declaring that the Defendants, violated the overtime provisions of 29 U.S.C. § 207;

b. Awarding Plaintiff overtime compensation in the amount calculated;

c. Awarding Plaintiff liquidated damages in the amount calculated;

d. Awarding Plaintiff reasonable attorney's fees and costs and expenses of this litigation pursuant to 29 U.S.C. § 216(b);

e. Awarding Plaintiff post-judgment interest; and

f. Ordering any other and further relief this Court deems to be just and proper.

**JURY DEMAND**

Plaintiff demands trial by jury on all issues so triable as of right by jury.

Respectfully submitted this 10th day of March 2017

FRANK M. MALATESTA
Florida Bar No. 0097080
Malatesta Law Office
871 Venetia Bay Blvd., Suite 220
Venice, FL 34285
941.256.3812 PHONE
888.501.3865 FAX
frank@malatestalawoffice.com