UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.: 2:17-CV-14084

ROBERT E. BRANNIGAN, JR.,

    Plaintiff,
v.

ECHOLS PLUMBING &
AIR CONDITIONING, LLC,

    Defendants.
_____/

## JOINT MOTION FOR SETTLEMENT APPROVAL
## AND DISMISSAL WITH PREJUDICE

Plaintiff, Robert E. Brannigan, Jr., and Defendant, Echols Plumbing & Air Conditioning, LLC by and through the undersigned counsel, hereby submit the parties' executed Settlement Agreement and Release for review and approval in this case which includes claims arising under the Fair Labor Standards Act (FLSA), and provide the following Joint Memorandum:

1. Plaintiff filed his Complaint seeking the recovery of unpaid overtime wages under the Fair Labor Standards Act in connection with Plaintiff's employment with Defendant between September 8, 2016 and December 19, 2016.

2. As set forth in the Complaint, Plaintiff alleged that he was a non-exempt service technician who worked on-call time, travel time, and weekend time, for which he was to be paid overtime wages as a result of working more than forty hours in a given work week.

3. Plaintiff filed his Statement of Claim that set forth his estimate of alleged unpaid overtime, but at that time did not have the benefit of a complete set of his time sheets, payroll reports, and other documents exchanged in discovery. At that time, Plaintiff was under the impression that he was not fully compensated for all travel time, on-call work, and weekend work.

4. The Parties served interrogatories, admissions, and document production requests. Defendant's discovery supplied to Plaintiff included timesheets prepared by Plaintiff and his payroll records. Plaintiff acknowledged in response to Defendant's request for admissions that he personally completed and turned in his timesheets. Defendant gave sworn interrogatory answers that it paid Plaintiff based on his representation of work hours.

5. This discovery showed that Plaintiff was paid for all of the travel time, on-call work, and weekend work he reported on his timesheets. While Plaintiff claims there may be additional time not reported for which he was not paid, any such amount would be considerably less than that originally thought to be the case as shown the statement of claim.

6. The Parties have since engaged in arms-length settlement negotiations that resulted in a compromise between Plaintiff and Defendant to resolve all of Plaintiff's underlying claims for alleged unpaid wages and Plaintiff's attorneys' fees and costs. Under the Parties' settlement, Defendant has agreed to pay Plaintiff $2,500.00 in compromise to resolve his claims for unpaid wages, liquidated damages, and attorney's fees and costs. In this regard, while Defendant has disputed Plaintiff's claim that he is owed <u>any</u> unpaid wages, particularly in light of Plaintiff's handwritten timesheets for which he was paid in full, Defendant has nevertheless agreed to pay Plaintiff a settlement solely in a good faith interest to avoid protracted litigation.

7. Defendant opines that, based on the evidence and Plaintiff's time records, he is not owed any unpaid wages or liquidated damages.

8. Plaintiff opines that, based on the evidence and his time records, he is owed at most $2,000.00 to $3,000.00 in unpaid wages and liquidated damages.

9. As a result, the Parties compromise is in line with their own best and worst case scenarios.

10. Defendant has separately agreed to pay Plaintiff's attorney's fees and costs in the amount of $5,000.00.

11. Pursuant to the Court's Settlement Approval requirements and Eleventh Circuit precedent, judicial review and approval of an FLSA settlement involving a compromise provides final and binding effect. Lynn's Food Stores, Inc. v. U.S. Dep't of Labor, 679 F.2d 1350 (11th Cir. 1982). As the Eleventh Circuit held in Lynn's Food,

> "[t]here are only two ways in which back wage claims arising under the FLSA can be settled or compromised by employees. First, under section 216(c), the Secretary of Labor is authorized to supervise payment to employees of unpaid wages owed to them . . . . The only other route for compromise of FLSA claims is provided in the context of suits brought directly by employees against their employer under section 216(b) to recover back wages for FLSA violations. When employees bring a private action for back wages under the FLSA, and present to the district court a proposed settlement, the district court may enter a stipulated judgment after scrutinizing the settlement for fairness."

Id. at 1352-53.

12. More specifically, pursuant to Lynn's Food, the Court's review of the parties' Agreement is to determine if it is "a fair and reasonable resolution of a bona fide dispute." Id. at 1354-55. If the settlement reflects a reasonable compromise over issues that are actually in dispute, the Court may approve the settlement "in order to promote the policy of encouraging

settlement of litigation." Id. at 1354. In determining whether the settlement is fair and reasonable, the Court may consider the following factors:

> (1) the existence of fraud or collusion behind the settlement:
> (2) the complexity, expense, and likely duration of the litigation;
> (3) the stage of the proceedings and the amount of discovery completed;
> (4) the probability of plaintiff's success on the merits:
> (5) the range of possible recovery; and
> (6) the opinions of the counsel.

See, e.g., Leverso v. South Trust Bank of Ala., Nat. Assoc., 18 F.3d 1527. 1531 n.6 (11th Cir. 1994); Hamilton v. Frito-Lay, Inc., No. 6:05-cv-592-Orl-22JGG, 2007 U.S. Dist. LEXIS 10287 at *2-3 (M.D. Fla. Jan. 8, 2007). The Court should be mindful of the strong presumption in favor of finding a settlement fair. Hamilton, 2007 U.S. Dist. LEXIS at *2-3.

13. At all times throughout this case, Plaintiff and Defendant have each been represented by experienced counsel in the prosecution and defense of wage & hour claims and both Plaintiff and Defendant took into account the uncertainty and risks along with the additional time that would be expended and fees incurred if the litigation had continued litigation, such that the parties respectfully submit there was sufficient investigation and review of time and compensation records to enable Plaintiff's Counsel and Defendant's to make recommendations and confer with their clients in order to achieve a resolution in this case.

14. The compromise agreed upon in the parties' Settlement Agreement for Plaintiff's attorneys' fees and costs was separate and distinct from the underlying resolution of Plaintiff's claims for alleged unpaid wages and damages. As numerous Courts have held, where a "plaintiff's attorneys' fee was agreed upon separately and without regard to the amount paid to the plaintiff, then unless the settlement does not appear reasonable on its face or there is reason to believe that the plaintiff's recovery was adversely affected by the amount of fees paid to his

attorney, the Court will approve the settlement without separately considering the reasonableness of the fee to be paid to plaintiff's counsel. See, e.g., Bonetti v. Embarq Management Co., 2009 U.S. Dist. LEXIS 68075 at *11-12 (M.D. Fla. Aug. 4, 2009).

15. In the instant case, Defendants have agreed to pay $5,000.00 to resolve all of Plaintiff's claims for attorneys' fees and costs, which includes out-of-pocket costs incurred in the filing fee, service of process costs, and corporate research.

WHEREFORE, Plaintiff and Defendant respectfully request the Court approve their Settlement Agreement, dismiss this action with prejudice, and retain jurisdiction for Sixty (60) days from the date of approval to enforce the terms of the parties' Settlement.

By: */s/ Frank M. Malatesta*
Frank M. Malatesta, Esquire
Florida Bar No. 0097080
E-mail: frank@malatestalawofice.com
871 Venetia Bay Blvd, Ste. 220
Venice, Florida 34285
Telephone: (941) 256-3812
Attorney for Plaintiff

By: */s/ Jason L. Odom*
Jason L. Odom, Esquire
Florida Bar No. 0476950
GOULD COOKSEY FENNELL
979 Beachland Blvd
Vero Beach, Florida 32963
Telephone: (772) 231-1100
E-mail: Jlo-eservice@gouldcooksey.com
Attorney for Defendant